*F. B.*, and *C. M. Conrad*, for the appellants.

---

HENRY HORN and others, Assignees of the Girard Bank *v.* JOHN BAYARD and others.

An act of the legislature of Pennsylvania, of 5th March, 1842, provides, that any assignment of property, made by a bank in pursuance of that act, must be approved by the Court of Common Pleas of the county in which the bank is situated, and be recorded in the office of the Recorder of Deeds for the same county; and an act of 14th April, 1834, authorizes the prothonotaries of the courts of Common Pleas to sign the judgments of those tribunals. Plaintiffs offered in evidence a copy certified by the Recorder of Deeds to be a true copy from the records of his office, of an assignment made by a bank under the act of 1842, and of a certificate annexed to it signed by the prothonotary of the Court of Common Pleas, and sealed with its seal, reciting that the court had approved of the assignment. Appended were certificates from the presiding judge of the Court of Common Pleas attesting the signature and official capacity of the Recorder of Deeds, and from the prothonotary of the court attesting the signature and official capacity of the presiding judge. Defendants excepted to the evidence, alleging in their bill that the assignment could only be proved by producing the original, or, on showing that it couuld not be had, a copy compared therewith; that the act of Congress respecting the authentication of non-judicial records, was inapplicable to the case; and, if applicable, had not been complied with. The bill did not state in what the act had not been complied with. *Held,* that the act of Congress applies to such a case; that so general an ob-

jection as that the law has not been complied with, is insufficient in a bill of excep-
tions; and that such generality cannot be corrected by specifications after appeal.

Defendants having attached certain bank bonds and notes belonging to plaintiffs, and
having recovered judgment in the court below, caused them to be sold under a *fi. fa.*
The judgment was reversed on a devolutive appeal. Plaintiffs, in an action for
damages for the illegal attachment, having proved that the bonds and notes had
fallen in value pending the seizure, and that they were sold for much less than they
might have been sold for had no attachment been issued: *Held*, that the defend-
ants should pay the actual damages caused by their attachment.

APPEAL from the Commercial Court of New Orleans, *Watts*, J.
*Halsey* and *Wray*, for the plaintiffs.

*T. Slidell*, for the appellants.

GARLAND, J. The plaintiffs claim the sum of $8,982 58, with
interest, as damages sustained by the corporation they now rep-
resent, in consequence of the defendants, in the month of Febru-
ary, 1842, suing out an attachment against the bank, and having
certain bonds of the Planters' Bank of Mississippi, and notes of
the Commercial and Rail Road Bank of Vicksburg, seized and
sold, when, on appeal to this court, the judgment rendered in
favor of the defendants was reversed, and a judgment given
against them. They allege that the value of the notes and
bonds aforesaid was determined by the fluctuations in the
market, and that, at the time of the attachment, and for some
months subsequently they were worth the sum of about $18,500,
yet the defendants had them sold, in August, 1842, at a sale by
the sheriff, at a great sacrifice, and, that they only brought the
sum of $9,140. The difference between these sums they claim
as damages.

The defendants deny all the allegations in the petition, and
especially do they deny the corporate capacity of the bank, and
also the alleged capacity of the plaintiffs, as assignees.

On the trial, the institution of the suit by the defendants
against the bank was proved by the record; the execution of
the attachment was shown; and a reversal of the judgment
which the defendants had obtained. See 4 Rob. 262. The ap-
peal taken was a devolutive one. The sale by the sheriff was
proved by the execution and return on it. Twelve of the bonds
of $1,000, with *coupons* for $35, were sold for $353 each; and
ten others, each for said sum with a *coupon*, were sold for $345

each. Ten thousand dollars of the Vicksburg bank notes were sold at six and a half cents on the dollar, making $650; and ten thousand dollars more were sold at eight cents on the dollar, making $800. It was further proved that these bonds and notes had been sent to the Commercial Bank of New Orleans for sale, at a certain price, which was above their value at the time; but there is ample proof that about the time of the attachment, and for a considerable time subsequently, the bonds were worth from fifty to fifty-five cents on the dollar, and that the notes of the Commercial Bank of Vicksburg ranged from fourteen and a half to twenty cents on the dollar, at the same time; the prices varying according to the supply and demand.

The act of the legislature of the State of Pennsylvania chartering the bank was produced, and also a deed of assignment from the corporation to the plaintiffs, made in obedience to the resolutions of the board of directors, which includes the claim in controversy.

The court gave judgment for $5,145 damages, and the defendants have appealed.

Our attention has been called to two bills of exception taken by the defendants. The first states that the plaintiffs, for the purpose of proving the assignment to them, offered in evidence a document with certain certificates thereon, one of which purported to be a certificate of the prothonotary of the Court of Common Pleas of the county of Philadelphia, that the deed had been approved according to law. The defendants' counsel objected that the copy so certified, was inadmissible to show the approval of the alleged assignment by said court. That such approval should have been shown by a certified copy of the record of said court, authenticated by the certificate of the judge and clerk, with the seal of the court; but the court overruled the objection, and admitted the deed. We are of opinion that the court did not err in admitting the certificate. The laws of Pennsylvania are in evidence, and from them we see that it is necessary that such assignments shall be approved by the court; and we also see that the prothonotaries are authorized to sign and certify the judgments of the courts of Common Pleas. Purdon's Dig. p. 833. From an inspection of the terms

Horn and others, Assignees, v. Bayard and others.

and phraseology of the so called certificate, we think it is the judgment of approval by the court, written on the deed and signed by the prothonotary as authorized by law, and necessary to authorize its being recorded.

The other bill states that the plaintiffs offered in evidence for the purpose of proving the execution of the assignment to them, a document with certain certificates thereon, made part of the bill of exceptions ;* whereupon the counsel for the defendants

---

*The following certificates were appended to the copy of the assignment, which was dated the 16th of March, 1842 :

" City and County of Philadelphia, sc :

Be it remembered, that on the seventeenth day of March, in the year one thousand eight hundred and forty-two, the Court of Common Pleas for the county of Philadelphia, approved of the within deed of assignment.

{ Seal of the Court of Common Pleas }   Witness my hand and seal of the said court, this seventeenth day of March, in the year of our Lord one thousand eight hundred and forty-two.          S. Hart,

Prothonotary of the Court of Common Pleas of the county of Philadelphia.

I, Richard L. Lloyd, Recorder of Deeds, &c., for the city and county of Philadelphia, do certify the above and foregoing to be a true copy of a certain instrument of writing, remaining of record in my office, in Deed-book G. S., No. 37, page 430, &c.

{ Seal. }   Witness my hand and seal of office, this 27th day of December, A. D. 1843.          R. L. Lloyd,
                                                             Recorder.

*Pennsylvania,*
Philadelphia County, sc. }

I, Edmond King, President of the First Judicial District of Pennsylvania, and Presiding Judge of the Court of Common Pleas, Orphans' Court, Court of General Quarter Sessions of the Peace, for the said county, do certify that Richard L. Lloyd, Esq., by whom the foregoing record, certificate and attestation were made and given, and who, in his own hand-writing, has thereunto subscribed his name, and caused his seal of office to be thereunto affixed, was at the time of so doing and now is Recorder of Deeds for the city and county of Philadelphia, duly commissioned and qualified, to all whose acts as such full faith and credit are, and ought to be given, as well in courts of judicature as thereout. Witness my hand, at Philadelphia, this twenty-seventh day of December, A. D. one thousand eight hundred and forty-three.

                                                    Edmond King,
                                Prest. Judge of the First Jud. District.

*Pennsylvania,*
Philadelphia County, &c. }

I, Richard Palmer jr., Esq., Prothonotary of the Court of Common Pleas of said county, do certify that the Hon. Edmond King, Esq., by whom the foregoing certifi-

Horn and others, Assignees, v. Bayard and others.

objected, that the execution of said assignment could only be proved by the production of said instrument itself, or a compared copy thereof proved to be correct, the inability to produce the original being also explained; that the act of Congress respecting the authentication of records not judicial was not applicable, and that if so, it had not been complied with. We are of opinion that the act of Congress is applicable, and the bill of exceptions is silent as to the particulars in which the law has not been complied with. In his brief the counsel for the defendants informs us, that his objection is, that the judge of the court of Common Pleas does not in his certificate say, that the certificate of the recorder of deeds is *" in due form."* He contends that the very words used in the act of Congress must be used, and that no others will answer the purpose. To this objection, the counsel for the plaintiff reply, that no such objection was made in the court below, nor is it stated in the bill of exceptions. We have frequently said that so general an objection, as that a law had not been complied with, in a bill of exceptions, was not sufficient. It should appear in the bill, in terms sufficiently definite, what the objection is, so that the other party may see what he has to meet. A different practice would lead to frequent difficulties, and is calculated to entrap parties. We cannot permit a general objection to be made in the lower court, and then specifications to be made here.

Upon the merits of the case, we are satisfied that the law and evidence sustain the judgment. The defendants illegally took out an attachment against the bank, seized its property, and had it sold at a price much below that at which it could have been sold for, if the attachment had not been issued. This

cate and attestation were made and given, and who in his own proper hand writing has thereunto subscribed his name, was, at the time of so doing, and now is, President of the First Judicial District of Pennsylvania, and Presiding Judge of the court of Common Pleas, Orphans' Court, and court of General Quarter Sessions of the Peace for said county, duly commissioned and qualified, to all whose acts as such full faith and credit are, and ought to be given, as well in courts of judicature as thereout.

{ Seal. } In testimony whereof, I have hereunto set my hand, and affixed the seal of the said court, at Philadelphia, this 27th day of December, A. D. 1843.

R. Palmer Jr., Prothonotary.

court subsequently decided that they had no claim against the bank ; and although we see no reason for vindictive damages, yet they must pay the actual damage caused by the attachment. The bank wished to sell the assets it possessed, to pay its debts ; and it was prevented from doing so by the defendants, pending whose seizure the assets attached were much reduced in value.

*Judgment affirmed*